IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
|     TDCJ-CID #711998 | § | |
| v. | § | C.A. NO. C-06-073 |
| | § | |
| NUECES COUNTY, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim.

## I.    JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Smith Unit in Lamesa, Texas.  He filed this lawsuit on February 13, 2006, against Nueces County and a district court clerk identified as "J.W.," claiming that defendants failed to respond to his inquiries or to otherwise keep him apprised of the status of two paternity lawsuits to which he was a party.  (D.E. 1).  On March 23, 2006, he filed an amended complaint.  (D.E. 10).

A Spears[1] hearing was conducted on February 28, 2006.  The following allegations were made in plaintiff's original complaint, (D.E. 1), amended complaint, (D.E. 10), or at the hearing:

On March 15, 2000, plaintiff was served with a paternity suit in cause number 00-1197-G in Nueces County district court.  He filed an answer; however, on November 10, 2000, an order of non-suit was entered.  He claims that he never received "any notices of rescheduled hearings, judgments, and/or orders" such that he was unable to respond properly in that action.

Over four years later, on June 8, 2004, plaintiff was served in a second paternity action, cause number 04-2717-H.  He filed an answer in that proceeding, and it was file-stamped as received by defendant J.W.  On July 21, 2004, a default judgment was entered against him, including an assessment of court costs of $152.00.  He claims that he never received notice of the judgment.  On July 23, 2004, a judgment was entered establishing the parent-child relationship.  On September 2, 2004, a Notice of Final Judgment Order was entered.  He claims that he never received a copy of the judgment or notice.

On December 13, 2004, plaintiff sent a letter to the Nueces County District Clerk's office complaining that he had not been kept apprised of the status of his

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

two paternity actions.  He claims that his letter was file-stamped as received by defendant J.W. on December 17, 2004, but that she did not respond to his letter.

On July 23, 2004, plaintiff filed a civil rights complaint in the Northern District of Texas, civil action number 04-172, complaining, *inter alia*, that the Smith Unit mailroom personnel had denied him access to the courts by delaying his legal mail.  To prove his claims against the Smith Unit defendants, he needed to obtain information concerning the paternity suits.  Consequently, on December 13, 2004, he sent a letter to the Nueces County District Clerk's office seeking certain information about those actions.  According to plaintiff, his letter was file-stamped received by defendant J.W., but she refused to send him any information about his paternity suits.  As a result, on April 27, 2005, his civil rights case against the Smith Unit defendants was dismissed by the Northern District of Texas.

Plaintiff claims that defendant J.W.'s "continuance to withhold any information" from him after he sent her the December 13, 2004 letter reflects "deliberate indifference" to his constitutional right of access to the courts.  He claims that, as a public servant, she owes him a duty to perform her ministerial tasks, and that her failure to do so resulted in the dismissal of his federal civil lawsuit and caused him other damages.

Plaintiff claims that Nueces County has customs and unwritten policies, including failure to train properly its employees, which amounts to deliberate indifference to deprive him of his due process rights.  In support of his assertion, he relates that two other individuals, Pedro Farrera and Fortunato Guerra, also did not receive proper notice of events in their paternity actions.

## III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must demonstrate that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim that entitles him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

## A.   Claims against J.W.

Plaintiff claims that defendant J.W.'s refusal to respond to his inquiries, or to otherwise keep him apprised of the status of his pending litigation amounts to a denial of access to the courts.  He also claims that she has violated state law in

4

failing to perform her duties as a deputy district clerk, such that she is liable to him for damages.

Prisoners have a constitutionally protected right of access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996) (citing <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 828 (1977)).  This right encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging convictions, or conditions of confinement.  <u>See</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citing <u>Lewis</u>, 518 U.S. at 351).  To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate that he suffered "actual injury stemming from defendants' unconstitutional conduct."  <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam) (citing <u>Lewis</u>, 518 U.S. at 351-54).

Plaintiff argues that, if J.W. had responded to his inquiries concerning his paternity suits, he would have been able to prove his case against the Smith Unit employees.  However, he fails to argue, let alone establish, what information J.W. could have provided that would have assisted him in his action against the Smith Unit personnel.  In fact, plaintiff admits that in both paternity actions he filed answers and received written confirmation that his pleadings had been stamped "received" by J.W.  In the first paternity action, the case was non-suited, such that he could not have suffered any injury as the case was simply dismissed.  In the

second paternity action, plaintiff admits that his answer was filed.  He was later determined to be the father of the child, which he admits is true.

Plaintiff fails to establish, that J.W. denied him access to the courts in performing her duties as a deputy district court clerk.  Indeed, he admits that his pleadings were all received and file-stamped as such.  He fails to allege any facts to suggest that J.W. did not properly process or handle his pleadings.

Plaintiff argues that J.W. violated Texas state law by neglecting her duties. Specifically, he claims that J.W. violated sections 21.001, 51.309, and 51.316[2] of the Texas Government Code; section 81.003 of the Texas Local Government Code; and section 160.634 of the Family Code.  He also claims that J.W. violated his rights pursuant to the Texas Constitution and the Texas Rules of Civil Procedure.

### 1.    Texas Government Code  §§ 21.001, 51.0309, and 51.316.

Section 21.001 of the Texas Government Code is titled "Inherent Power and Duty of Courts."  Subsection (a) provides that "a court has all the powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction."  Tex. Gov't Code § 21.001(a).  Subsection (b) mandates that proceedings be conducted expeditiously, while subsection (c) prohibits a judge

---

[2] In his original complaint, plaintiff cited to § 51.306 of the Texas Government Code, but clarified in his amended complaint that he had intended to reference to § 51.316.

from requiring a person to remove an item of religious apparel unless it interferes with the fair hearing of another.  Tex. Gov't Code § 21.001(b)-(c).

Section 51.309 of the Texas Government Code provides that the district clerk may appoint deputy clerks, that the appointment must be in writing, that the deputy clerk performs her acts in the name of the office of district clerk, and that the deputy must be bonded or covered by insurance.  Section 51.316(b) of the Texas Government Code, which addresses the counties of Hidalgo, Jefferson, and Nueces, provides that "[a] deputy clerk or assistant appointed under this section shall perform the duties required by the district clerk and serves at the pleasure of the district clerk.  A district clerk or assistant may not be employed except as provided by this section."

None of these sections of the Texas Government Code cited by plaintiff place an affirmative duty on a district clerk to respond to party inquiries or correspondence concerning pending litigation.  Additionally, state law does not create a private right of action for a breach of public duty.

**2.     Texas Family Code § 160.634.**

Section 160.634 of the Texas Family Code entitled "Order on Default," provides:

>The court shall issue an order adjudicating the paternity
>of a man who:

(1) after service of process, is in default; and
(2) is found by the court to be the father of a child.

This section also does not provide for a private right of action against a state

employee should they perform their duties in error or even negligently, or provide

the basis for a constitutional claim.  Moreover, in this case, an order of default was

issued as proscribed by the statute.  To the extent plaintiff disagreed with the order

of default, his remedy was to appeal the order, not file a federal lawsuit against a

court employee.

### 3.        Texas Local Government Code § 81.003.

Section 81.003(a) of the Texas Local Government Code provides that the

county clerk is also the clerk of the commissioners court and is responsible for the

commissioners court's books, papers, records, and effects.  Plaintiff's paternity

action was not before a commissioners court.  Thus, this section has no bearing on

his claims against J.W.

### 4.        Texas Civil Practice and Remedies Code § 7.001.

At the evidentiary hearing, plaintiff testified that J.W. was liable to him

under § 7.001 of the Texas Civil Practice and Remedies Code.  That section

provides:

(a) A clerk, sheriff, or other officer who neglects or refuses
to perform a duty required under Title 42, Revised Statutes,
or under a provision of this code derived from that title is

> liable for damages in a suit brought by a person injured by
> the officer's neglect or refusal.

Tex. Civ. Prac. & Rem. Code Ann. § 7.001(a).

Although § 7.001 provides that a district clerk may be liable for dereliction of duties, plaintiff fails to establish that J.W. did not perform all the duties that were required of her.  In fact, at the evidentiary hearing, he admitted that he did not know if J.W.'s only job duty might be to open and stamp mail, rather than read and respond to correspondence.  Plaintiff's allegation that she did not respond to his inquiries does not demonstrate that J.W. refused or neglected to perform her duties.

Moreover, even if J.W. did not perform her job satisfactorily, plaintiff fails to state a constitutional violation pursuant to federal or state law.  See, e.g., Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (employee's failure to follow institution's own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995) (mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (state's failure to follow its own procedural regulations does not constitute a violation of due process if minimal constitutional standards are met).  Plaintiff fails to state a constitutional claim against J.W.  Therefore, it is respectfully

9

recommended that his claims against this defendant be dismissed for failure to state a claim.

**B.    Claims against Nueces County.**

Plaintiff alleges that Nueces County effectively denied him access to the courts because it failed to train J.W. properly, or alternatively had a custom and practice of not responding to *pro se* litigants' correspondence.

For a municipality to be held liable pursuant to § 1983, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).  These three elements are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself.  Piotrowski, 237 F.3d at 578.

A plaintiff can satisfy the requirement of an "official policy or custom" by proving:

> A persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Id. (citing Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  Thus, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."  Id. at 578 (citing Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).  Rather, a plaintiff must show "persistent, often repeated constant violations" in order to hold a municipality liable pursuant to § 1983.  Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995); see also Pineda v. City of Houston, 291 F.3d 325, 329 (5th Cir. 2002) (stating that the constitutional violations must be "persistent and widespread").

Moreover, even if the existence of a custom is proven, a plaintiff must also demonstrate "[a]ctual or constructive knowledge of such custom ... attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority."  Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003) (quoting Bennett, 735 F.2d at 862).  With respect to the element of knowledge, the Fifth Circuit has held that:

> Actual knowledge may be shown by such means as discussions at council meetings or receipt of written information.  Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations

> were so persistent and widespread that they were the
> subject of prolonged public discussion or of a high
> degree of publicity.

Pineda, 291 F.3d at 330.  Thus, if a plaintiff relies on the actions of city employees

to prove knowledge, "those actions must have occurred for so long or so frequently

that the course of conduct warrants the attribution to the governing body of

knowledge that the objectionable conduct is the expected, accepted practice of city

employees."  Webster, 735 F.2d at 842.

To the extent plaintiff is attempting to demonstrate that Nueces County has a

policy of not providing *pro se* litigants with information concerning pending cases,

his "evidence," that two other individuals over a thirteen-year period did not

receive information on their paternity lawsuits does not establish either a wide-

spread practice or knowledge on the part of City policy makers.  See Hamilton v.

Rodgers, 791 F.2d 439, 443 (5th Cir. 1986) (a dozen incidents in two and a half

years is too insignificant to constitute a custom pursuant § 1983), abrogated on

other grounds, 913 F.2d 226 (5th Cir. 1990); Rizzo v. Goode, 423 U.S. 362, 375

(1976) (twenty incidents over a year did not demonstrate a "pervasive pattern," in

part because the number and degree of incidents was found to be "fairly typical of .

. . police departments in major urban areas").  Plaintiff's allegations fail to

demonstrate that Nueces County had an unconstitutional practice or policy.

Accordingly, it is respectfully recommended that plaintiff's claims against Nueces County be dismissed for failure to state a claim.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b).  It is further respectfully recommended that, should the Court adopt this recommendation, that the Clerk be directed to send a copy of the dismissal order to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Respectfully submitted, this 24th day of April 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).