THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
| | § | |
| v. | § | C.A. NO. C-06-073 |
| | § | |
| NUECES COUNTY, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING PLAINTIFF'S NOTICE OF APPEAL

On June 30, 2006, plaintiff's notice of appeal was filed with this Court, (D.E. 19), which also was forwarded to the Fifth Circuit on June 30, 2006. (D.E. 21). The Fifth Circuit remanded the notice of appeal on September 7, 2006 for a determination by this Court of whether plaintiff's notice of appeal was timely filed. On December 14, 2006, this matter was referred to the magistrate judge. An evidentiary hearing on this matter was held on December 21, 2006.

## BACKGROUND

Final judgment was entered against plaintiff on May 26, 2006. (D.E. 23, at 1). The final day for filing a timely notice of appeal was June 26, 2006. Id.

At the time of the filing of the notice of appeal, plaintiff was incarcerated at the Smith Unit in Lamesa, Texas. On July 14, 2006, he was released from custody and returned to reside in Corpus Christi.

Plaintiff's notice of appeal was stamped filed by the Clerk's Office on June 30, 2006. (D.E. 19). He also filed a notice of change of address with the Clerk's

Office dated June 23, 2006, which was also stamped filed on June 30, 2006. (D.E. 18). Additionally, he filed a motion to proceed in forma pauperis on appeal that was stamped filed on June 30, 2006. (D.E. 20). The envelope with this motion is stamped June 26, 2006 by the United States Postal Service. Id. at 2.

At the December 21, 2006 hearing, plaintiff testified that he filed the notice of appeal before he filed the notice about his change of address dated June 23, 2006. A review of the date box for the these three documents reveals that the change of address was on top, the notice of appeal was in the middle, and the motion to proceed in forma pauperis on appeal was on the bottom with the single envelope. It appears that all three filings were in the single envelope which was received by the Postal Service no later than June 26, 2006.

## **DISCUSSION**

A notice of appeal by the plaintiff in a civil case must be filed within thirty days of the entry of judgment. Fed. R. App. P. Rule 4(a)(1)(A). A prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

It appears based on the testimony, the review of the three filings and the dates stamped on the documents, as well as the review of the original three

documents with the single envelope, that plaintiff filed his notice of appeal in the prison system no later than June 26, 2006. In order for plaintiff's notice of appeal to be timely, he had to file it no later than June 26, 2006. (D.E. 23, at 1).

## RECOMMENDATION

Accordingly, it is respectfully recommended that this Court find that plaintiff timely filed his notice of appeal. Pursuant to Thompson v. Montgomery, 853 F.2d 287, 288 (5th Cir. 1988), it is also respectfully recommended that this Court return the action to the Fifth Circuit for further proceedings.

Respectfully submitted this 21st day of December 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).